

# NUMBER 13-14-00686-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF M.K.M. and J.L.T. III, MINOR CHILDREN

---

**On appeal from the County Court at Law No. 5
of Nueces County, Texas.**

---

# SECOND ORDER TO FILE APPELLATE BRIEF

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Order Per Curiam**

This parental-rights termination case is before the Court on counsel's failure to file the appellant's brief and a motion for leave with this Court by Monday, February 9, 2015.

The appellant's brief in this matter was originally due on January 27, 2015. By an order dated January 29, 2015, this Court granted appellant a ten-day extension of time and notified the Hon. Roberto G. Vela, counsel for appellant, to file the appellant's brief

with this Court on or before February 9, 2015.[1]   We noted that no further extension would be granted absent truly exigent circumstances.   Counsel did not file a brief within the deadline imposed by our order.

On February 19, 2015, a deputy clerk of the Court contacted appellant's counsel, and was informed that counsel did not have a copy of the record and would be picking up the record and filing a motion for extension of time to file his brief.   Although counsel picked up the record, he did not file a motion for extension of time.   On February 23, 2015, a deputy clerk of the Court again contacted appellant's counsel to inquire about the brief and motion for extension of time.   Counsel informed the deputy clerk that he would be filing a motion seeking a ten-day extension of time by the end of the day on February 23.   As of the date of this order, the Court has received neither a motion for extension of time nor a brief from appellant's counsel.

[1] Appeals in parental termination cases are accelerated appeals with extremely short deadlines. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a).   The intermediate appellate courts are directed to ensure "as far as reasonably possible" that appeals are brought to final disposition within 180 days of the date the notice of appeal is filed.   *See* TEX. R. JUD. ADMIN. 6.2(a).   Often a significant portion of that time will elapse while we await the preparation of the appellate record, which can be quite voluminous. Consequently, if we are to have a meaningful opportunity to analyze the parties' contentions and draft our opinion and judgment, we have extraordinarily little leeway to grant parties extensions of briefing deadlines. In accordance with the limited time for consideration of these appeals, it is the policy of this Court to limit extensions of time to file a brief to one ten-day extension of time absent truly extraordinary circumstances. *See* TEX. R. APP. P. 38.6(d).   Next, should counsel fail to meet this extended deadline, it is our necessity-driven practice in these super-accelerated parental-termination appeals to issue a show-cause order requiring counsel to appear to explain why he should not be held in contempt and have sanctions imposed for his failure to obey our earlier order.   Our current practices are calculated to ensure us the opportunity to meaningfully address the appeal while also complying with the Texas Supreme Court's time standards— which, we must all remember, have the goal of providing the affected children with an expedited decision that ensures them stability and finality.   *See In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003) (explaining that termination cases are to be decided expeditiously "[t]o ensure that children's lives are not kept in limbo while judicial processes crawl forward" and observing that, "[i]n termination cases, judicial economy is not just a policy—it is a statutory mandate"); *see also Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 513–14 (1982) ("There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current 'home,' under the care of his parents or foster parents, especially when such uncertainty is prolonged.").

This Court, having fully examined the record and the entire history of this case, ORDERS the Honorable Roberto G. Vela, counsel for appellant, to file his appellate brief, accompanied with a motion for leave to file, with the Court as soon as possible. If the Honorable Roberto G. Vela fails to file the appellate brief and motion for leave with this Court on or before 4:00 p.m. on Friday, February 27, 2015, we will order the Honorable Roberto G. Vela to appear in person before the Court on Wednesday, March 4, 2015, to show cause why he should not be held in contempt of court and/or sanctioned.

It is so ORDERED.

PER CURIAM

Delivered and filed the 24th
day of February, 2015.